**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BILLY GOAT TAVERN I, INC., BILLY GOAT MIDWEST, LLC, BILLY GOAT NORTH II, INC., BILLY GOAT VI, INC., BILLY GOAT INN, INC., BILLY GOAT TAVERN WEST, LLC, all d/b/a BILLY GOAT TAVERN, and all others similarly situated, | |
| Plaintiffs, | Court No. |
| v. | ***JURY TRIAL DEMANDED*** |
| SOCIETY INSURANCE, | |
| Defendant. | |

**COMPLAINT AT LAW**

Plaintiffs, BILLY GOAT TAVERN I, INC., BILLY GOAT MIDWEST, LLC, BILLY GOAT NORTH II, INC., BILLY GOAT VI, INC., BILLY GOAT INN, INC., BILLY GOAT TAVERN WEST, LLC, all doing business as "Billy Goat Tavern," ("Plaintiffs"), by and through their attorneys, DUNCAN LAW GROUP, LLC, complaining of the Defendant, SOCIETY INSURANCE (hereinafter "Society" or "Society Insurance"), for their Complaint at Law, pleading in the alternative, on behalf of themselves and all others similarly situated, state:

**Nature of the Action**

1.      This action arises out of Society's failure to provide insurance coverage for the business income Plaintiffs lost because of the ongoing Coronavirus (COVID-19) pandemic.

2.      Plaintiffs bring this action for breach of contract and declaratory relief on behalf of themselves and all other similarly situated Illinois businesses that offer food or beverages for on-premises consumption.

## The Parties

3.      Plaintiff, Billy Goat Tavern I, Inc., is an Illinois corporation with its principal place of business at 430 North Michigan Avenue, Chicago, Illinois 60611.

4.      Plaintiff, Billy Goat Midwest, LLC, is an Illinois limited liability company with its principal place of business at 60 East Lake Street, Chicago, Illinois 60601. Billy Goat Midwest, LLC's members are Basilios Sianis, Athanasios Sianis, Apostolos Sianis, Theofanis Sianis and Eygenia Constantinou—all of whom are Illinois citizens.

5.      Plaintiff, Billy Goat North II, Inc., is an Illinois corporation with its principal place of business at Navy Pier, 700 East Grand Avenue, Chicago, Illinois 60601.

6.      Plaintiff, Billy Goat North VI, Inc., is an Illinois corporation with its principal place of business at the Merchandise Mart, 222 Merchandise Mart, Number Fc-2, Chicago, Illinois 60654.

7.      Plaintiff, Billy Goat Inn, Inc., is an Illinois corporation with its principal place of business at 1535 West Madison Street, Chicago, Illinois 60607.

8.      Plaintiff, Billy Goat Tavern West, LLC, is an Illinois limited liability company with its principal place of business at 203 Yorktown Center, Lombard, Illinois 60148. Billy Goat Tavern West, LLC's members are Basilios Sianis, Athanasios Sianis, Apostolos Sianis, Theofanis Sianis and Eygenia Constantinou—all of whom are Illinois citizens.

9.      At all times mentioned herein, Plaintiffs, collectively doing business as "Billy Goat Tavern," operated eight restaurants within the State of Illinois, including but not limited to:

> Billy Goat Tavern Michigan Ave.
> 430 N. Michigan Ave.
> Chicago, IL 60611

2

Billy Goat Tavern Lake Street
60 E. Lake St.
Chicago, IL 60601

Billy Goat Tavern Navy Pier
700 E. Grand Ave.
Chicago, IL 60611

Billy Goat Inn
1535 W. Madison St.
Chicago, IL 60607

Billy Goat Tavern Merchandise Mart
222 Merchandise Mart, # Fc-2
Chicago, IL 60654

Billy Goat Tavern Yorktown
Yorktown Center Food Court
203 Yorktown Center
Lombard, IL 60148

10.     Defendant, Society Insurance, is a mutual insurance company organized under the laws of the State of Wisconsin, with its principal place of business in Fon du Lac, Wisconsin.

11.     At all times mentioned herein, Defendant, Society Insurance, was licensed to do business in the State of Illinois, selling property and casualty insurance policies to bars, restaurants, caterers, banquet halls, and other hospitality businesses.

## Jurisdiction and Venue

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class is a citizen of a different state than Defendant; there are more than 100 members of the Class; and upon information and belief the aggregate amount in controversy exceeds $5,000,000.00 exclusive of interest and costs.

13.     This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1)

because there is complete diversity among the parties, and the amount in controversy exceeds

$75,000.00 exclusive of interest and costs.

14.     This Court has personal jurisdiction over Society Insurance pursuant to Illinois's

long-arm statute, 735 ILCS 5/2-209, because this complaint concerns: (1) one or more contracts

Society made to insure property and/or risk in Illinois, (2) business that Society transacted within

Illinois, and (3) one or more contracts and/or promises Society made that are substantially

connected with Illinois. 735 ILCS 5/2-209(a)(1), (4), (7).

15.     Additionally, because this action presents an actual controversy within this Court's

jurisdiction, this Court may declare the legal rights and obligations of the parties hereto

under 28 U.S.C. § 2201.

16.     Venue is appropriate because "a substantial part of the events or omissions giving

rise to the claim[s] occurred" in the Northern District of Illinois and Society "resides" in the

Northern District of Illinois. 28 U.S.C. § 1391.

## **Factual Allegations**

### *Coronavirus (COVID-19) and Illinois's Response*

17.     For years, if not decades, the Center for Disease Control and the World Health

Organization have been warning about the possibility of an airborne virus that could cause a

worldwide pandemic.

18.     Coronavirus (COVID-19) (hereinafter "COVID-19") is a highly contagious

airborne virus that has rapidly spread and continues to spread across the United States.

19.     COVID-19 has been declared a pandemic by the World Health Organization.

20.     The COVID-19 pandemic is a public health crisis that has profoundly impacted American society, including the public's ability to congregate in bars and restaurants.

21.     In response to this pandemic, federal and state authorities have mandated social distancing and limited the number of people that can gather in any setting.

22.     On March 16, 2020, in direct response to the COVID-19 outbreak, and pursuant to the Illinois Emergency Management Agency Act, 20 ILCS 3305/1, *et seq.*, Illinois Governor J.B. Pritzker issued Executive Order 2020-07, ordering "all businesses in the State of Illinois that offer food or beverages for on-premises consumption—including restaurants, bars, grocery stores, and food halls—[to] suspend service for and … not permit on-premises consumption." Executive Order 2020-07 (2020). Although Executive Order 2020-07 permitted such businesses to serve food and beverages for off-premises consumption, it mandated that they ensure they have an environment where patrons purchasing food or beverages "maintain adequate social distancing." *Id.*

23.     On March 20, 2020, Governor Pritzker issued Executive Order 2020-10, (1) directing Illinois residents to stay in their homes except when performing "essential" activities, (2) prohibiting gatherings of 10 or more people, and (3) requiring "non-essential" businesses to cease operations. Executive Order 2020-10 (2020).

24.     Executive Orders 2020-07 and 2020-10 are not laws or ordinances.

25.     Since March 16, 2020, countless Illinois bar and restaurant operators have made claims under their property and casualty insurance policies for the business income they lost as a result of COVID-19 and the resulting Executive Orders.

26.     Insurers, including Society, have denied nearly every claim for lost business income—claiming insureds have not suffered a "Direct Physical Loss" to their property, a prerequisite for coverage.

*Plaintiffs' All-Risk Insurance Policy*

27.     In 2019, Society sold Plaintiffs an "all-risk" insurance policy (Society Policy Number BP17022546-2) with an effective date of coverage of August 26, 2019. A copy of Society Policy Number BP17022546-2 (hereinafter the "Policy" or "Policy Number BP17022546-2") is attached as "Exhibit A."

28.     At all times relevant hereto, each Plaintiff was an extended named insured under the Policy. Exhibit A at 14.

29.     At all times mentioned herein, the Policy covered the restaurants/premises identified in paragraph 9, above. *Id.* at 3.

30.     Plaintiffs have performed all of their obligations under Policy Number BP17022546-2, including but not limited to the payment of premiums and the timely reporting of claims. Therefore, Policy Number BP17022546-2 has been in effect since August 26, 2019 without interruption.

31.     Policy Number BP17022546-2 consists of various policy forms, including but not limited to form number "TBP13 05-15"—called the "Businessowners Special Property Coverage Form." *Id.* at 90.

32.     Under the Businessowners Special Property Coverage Form's terms, Society agreed to "pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." *Id.*

33.     "Covered Causes of Loss" means "Direct Physical Loss unless the loss is excluded or limited under [the Businessowners Special Property Coverage Form]." *Id.* at 91.

34.     Neither the Businessowners Special Property Coverage Form nor the Policy contain any additional definition of "Covered Causes of Loss."

35.     Neither the Businessowners Special Property Coverage Form nor the Policy define "Direct Physical Loss."

36.     Pursuant to Businessowners Special Property Coverage Form section 5(g), Society further agreed to:

> pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to covered property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of such premises. With respect to the requirements set forth in the preceding paragraph, if you occupy only part of the site at which the described premises are located, your premises means:
>
> > **(i)** The portion of the building which you rent, lease or occupy;
> >
> > **(ii)** Any area within the building or at the described premises if that area services, or is used to gain access to, the portion of the building which you rent lease or occupy.

*Id.* at 94-95.

37.     Although business income insurance (also known as business interruption insurance) typically excludes coverage for communicable diseases and/or viruses like COVID-19, neither the Businessowners Special Property Coverage Form nor the Policy contain any such exclusion.

38.     On or about March 16, 2020, and in compliance with Executive Orders 2020-07 and 2020-10, Plaintiffs suspended all dine-in operations at their restaurants and began suffering an ongoing loss of business income.

39.     On or about March 16, 2020, Plaintiffs filed a claim with Society related to their lost business income.

40.     On or about March 20, 2020, Society denied coverage for the lost income Plaintiffs have suffered because of COVID-19 and Executive Orders 2020-07 and 2020-10.

## Class Allegations

41.     Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3), Plaintiffs bring this action on behalf of themselves and the following Class:

> All Illinois businesses offering food or beverages for on-premises consumption that: (1) are covered under Society Insurance "all-risk" insurance policies containing policy form number "TBP13 05-15"; (2) have made a claim for lost business income as a result of COVID-19 and Executive Orders 2020-07 and 2020-10; and (3) been denied coverage.

42.     The Class is so numerous that joinder of all members is impracticable. Due to the nature of the trade and commerce involved, the members of the Class are geographically dispersed throughout the State of Illinois. While only Society Insurance knows the exact number of Class members, Plaintiffs believe there are hundreds and likely thousands of members in the Class.

43.     Plaintiffs' claims are typical of the claims of the other members of the Class they seek to represent because Plaintiffs and all Class members purchased identical coverage from Society Insurance containing identical language regarding lost business income.

44.     Plaintiffs will fully and adequately protect the interests of all members of the Class. Plaintiffs have retained counsel experienced in complex class action and insurance litigation. Plaintiffs have no interests which are adverse to or in conflict with other members of the Class.

45.     The questions of law and fact common to the members of the Class predominate over any questions that may affect only individual members.

46.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all Class members is impracticable. The prosecution of separate actions by individual members of the Class would impose heavy burdens upon the courts and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class. A class action, on the other hand, would achieve substantial economies of time, effort, and expense, and would assure uniformity of decision with respect to persons similarly situated without sacrificing procedural fairness or bringing about other undesirable results.

47.     The interest of the members of the Class in individually controlling the prosecution of separate actions is theoretical rather than practical. The Class has a high degree of cohesion, and prosecution of the action through representatives would be unobjectionable. The damages suffered by the Class are uniform and/or formulaic, and the expense and burden of individual litigation might make it virtually impossible for them to redress the wrongs done to them. Plaintiffs anticipate no difficulty in the management of this action as a class action.

## COUNT I – Breach of Contract ("Business Income")

48.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 47 as if fully set forth herein.

49.     Plaintiffs bring this count on behalf of the Class.

50.     By purchasing Policy Number BP17022546-2, Plaintiffs entered into a contract with Society Insurance.

51.     Society Insurance promised to provide Plaintiffs "coverage" for all "Covered Causes of Loss," defined as "Direct Physical Loss."

52.     That "coverage" included "Business Income."

53.     COVID-19 rendered the covered property at the premises identified in paragraph 9, above, unsafe and inaccessible for dine-in customers.

54.     As a result of COVID-19 and Executive Orders 2020-07 and 2020-10, Plaintiffs suffered a direct physical loss of covered property at the premises identified in paragraph 9.

55.     On or about March 16, 2020, Plaintiffs made a claim for Coverage, including "Business Income," pursuant to the terms and conditions of Policy Number BP17022546-2.

56.     On March 20, 2020, Society Insurance denied Plaintiffs' claim for Coverage.

57.     By denying Plaintiffs' claim, Society Insurance breached its contract with Plaintiffs.

58.     As a result of Society Insurance denying Plaintiffs' claim, Plaintiffs have been prevented from recovering lost business income pursuant to the terms and conditions of Policy Number BP17022546-2, thereby suffering damages.

## COUNT II – Declaratory Judgment

59.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 47 as if fully set forth herein.

60.     Plaintiffs bring this count on behalf of the Class and pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.*

61.     Because Society Insurance has denied Plaintiffs' claim for lost business income under Policy Number BP17022546-2, there is an actual controversy between the parties.

62.     Plaintiffs seek a declaration by this Court that Plaintiffs sustained a "direct physical loss" of the premises identified in paragraph 9 above (and the property therein) because of COVID-19 and Executive Orders 2020-07 and 2020-10.

63.     Plaintiffs seek an additional declaration that the lost business income they sustained (and continue to sustain) is due to the necessary "suspension of [their] operations" following a "direct physical loss" of the premises identified in paragraph 9, above.

64.     A declaratory judgment regarding Society Insurance's obligation to reimburse Plaintiffs for the business income they lost as a result of COVID-19 and Executive Orders 2020-07 and 2020-10 will terminate the controversy and clarify the respective rights and obligations of the parties under Policy Number BP17022546-2.

## Request for Relief

WHEREFORE, Plaintiffs demand the following relief on behalf of themselves and all others similarly situated:

A.     That an Order be entered certifying this action as a Plaintiff Class action under Federal Rule of Civil Procedure 23;

B.      A declaration by this Court that Plaintiffs sustained a "direct physical loss" of the premises identified in paragraph 9 above because of COVID-19 and Executive Orders 2020-07 and 2020-10;

C.      A declaration by this Court that the lost business income Plaintiffs sustained (and continue to sustain) is due to the necessary "suspension of [their] operations" following a "direct physical loss" of the premises identified in paragraph 9, above;

D.      A declaration that the business income Plaintiffs lost as a result of COVID-19 and Executive Orders 2020-07 and 2020-10 is a covered loss under Policy Number BP17022546-2;

E.      Compensatory damages in such amount as demonstrated by the proofs at trial and that the Court deems just and proper;

F.      Punitive damages as to Counts for which such damages are available under applicable law and in an amount that the Court deems just and proper;

G.      Imposition of a constructive trust, an order granting recessionary and injunctive relief and other such equitable relief that the Court deems just and proper;

H.      An appropriate claims resolution facility, funded by Defendant, to administer relief to the Class in this case;

I.      Costs of litigation and attorneys' fees; and

J.      All other appropriate relief.

13

Dated:  March 31, 2020

Respectfully submitted,

**DUNCAN LAW GROUP, LLC,**

By:___/s/ Robert R. Duncan_____
　　　　　Attorney for Plaintiffs

Robert R. Duncan (Illinois Bar #6277407)
James H. Podolny (Illinois Bar #66321307)
**DUNCAN LAW GROUP, LLC**
161 North Clark Street, Suite 2550
Chicago, Illinois 60601
Phone: (312) 202-3283
Fax: (312) 202-3284
Email: rrd@duncanlawgroup.com
　　　　jp@duncanlawgroup.com